**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-4583
_____

WILMER B. GAY,
                                        Appellant

v.

CITY OF PHILADELPHIA; ROBERT D. SHANNON;
WILLIAM K. SUTER, US Clerk for US Supreme Court;
COMMONWEALTH OF PENNSYLVANIA;
BOARD OF PARDONS
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civ. No. 2-11-cv-04194)
District Judge: Mary A. McLaughlin
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
January 16, 2015

Before:  FUENTES, SHWARTZ and ROTH, Circuit Judges

(Opinion filed: May 1, 2015)
_____

OPINION*
_____

PER CURIAM

_____

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Wilmer B. Gay appeals from orders of the District Court dismissing his "verified complaint" with prejudice and denying him leave to amend. For the reasons that follow, we will affirm.

Gay was convicted in April, 1972 of first degree murder in the Philadelphia Court of Common Pleas. He was sentenced to life imprisonment, and his conviction and sentence have been upheld on numerous occasions, see Gay v. City of Philadelphia, 2005 WL 1844407, *1 n.1 (E.D. Pa. August 2, 2005). At issue in this appeal, in June, 2011, Gay filed a pro se complaint in the United States District Court for the Central District of California, which was transferred to the Eastern District of Pennsylvania. After Gay paid the filing fee, defendants Robert D. Shannon and the Commonwealth of Pennsylvania asked for a more definite statement,[1] and, in response, Gay filed a "Verified Complaint for Damages and Fed. R. Civ. P. 60(b) Independent Action for Relief in Equity from Fraudulent Begotten Judgments, etc." Gay alleged in the main that he had spent over forty years in prison for crimes he did not commit, and he sought to vacate "fraudulent begotten judgments" entered in his criminal case, his habeas corpus cases, and his civil rights cases.

Defendant the City of Philadelphia filed a motion to dismiss the complaint for failure to comply with Fed. R. Civ. Pro. 8, and Gay moved to amend his verified complaint and for an order to show cause and a temporary restraining order. In an order entered on October 29, 2013, the District Court dismissed the verified complaint with

---

[1] The only defendants who were served and who entered an appearance were the City of Philadelphia, Robert D. Shannon, and the Commonwealth of Pennsylvania.

2

prejudice as to all defendants, because it was incomprehensible. In a separate order, the District Court denied Gay's motion for leave to amend and motion for an order to show cause and for a temporary restraining order. The District Court subsequently denied Gay's motion for reconsideration in an order entered on November 14, 2013.

Gay appeals. We have jurisdiction under 28 U.S.C. § 1291. In his Informal Brief, Gay contends that he has been falsely imprisoned for the past 42 years for a crime he did not commit, and that this claim may be pursued in an independent action under Rule 60(d). We note that Gay previously sued the City of Philadelphia, various correctional defendants, and state judges in the Eastern District of Pennsylvania in <u>Gay v. City of Philadelphia</u>, D.C. Civ. 03-cv-05358, alleging a similar claim of a vast conspiracy to violate his civil rights by prosecuting and imprisoning him for murder. A different United States District Judge dismissed that complaint, and we affirmed, <u>see</u> C.A. No. 05-4718.

We will affirm. Federal Rule of Civil Procedure 8(a) requires a pleading to contain "a short and plain statement of the grounds for the court's jurisdiction" and "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. Pro. 8(a)(1), (2). <u>See</u> <u>also</u> <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 573 (2007). Each averment must be "simple, concise, and direct." <u>Id.</u> at 8(d)(1). "Taken together," Rules 8(a) and 8(d)(1) "underscore the emphasis placed on clarity and brevity by the federal pleading rules." <u>In re: Westinghouse Sec. Litig.</u>, 90 F.3d 696, 702 (3d Cir. 1996). The District Court properly dismissed Gay's "verified complaint, " which defies any attempt to meaningfully answer or plead to it, and which left the defendants having to

3

guess what of the many things discussed constituted actionable wrongs. Relief pursuant to an independent action under Federal Rule of Civil Procedure 60(d) is permitted only to prevent a grave miscarriage of justice, United States v. Beggerly, 524 U.S. 38, 47 (1998), and while it is evident that Gay seeks redress of perceived wrongs that are likely related to the other legal actions to which he was a party, the specific nature of his claims cannot be deduced from the information provided. The complaint, therefore, does not satisfy Rule 8. We add that, to the extent that Gay's claims arise out of his prosecution for murder and imply the invalidity of his conviction and sentence, they are not cognizable under 42 U.S.C. § 1983 absent a showing that the conviction or sentence has been overturned or invalidated, which he frankly admits is not the case. Heck v. Humphrey, 512 U.S. 477 (1994). District courts generally must allow a plaintiff leave to amend a deficient complaint prior to dismissal unless doing so would be futile, see Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002), but here the District Court was not required to grant Gay leave to amend because he had ample time prior to dismissal of the verified complaint to meet the requirements of Rule 8.

For the foregoing reasons, we will affirm the orders of the District Court dismissing the complaint with prejudice, denying leave to amend, denying a show cause order and a temporary restraining order, and denying reconsideration. Gay's request in ¶ 8 of his Informal Brief that we appoint him counsel is denied.

4